NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| YUDELKA E. HERNANDEZ-FLORES, | : | |
| Plaintiff, | : | Civil Action No. 13-4738 |
| v. | : | OPINION |
| COMMISSIONER OF SOCIAL SECURITY, | : | |
| Defendant. | : | |

**SALAS, DISTRICT JUDGE**

## I. INTRODUCTION

Yudelka E. Hernandez-Flores ("Plaintiff") appeals the final determination of the Commissioner of the Social Security Administration ("Commissioner") denying her Disability Insurance Benefits ("DIB") and Supplemental Security Income benefits ("SSI") under Titles II and XVI of the Social Security Act ("SSA"), respectively. This Court has jurisdiction to hear this matter pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). This motion has been decided upon the written submissions of the parties pursuant to Federal Rule of Civil Procedure 78. Because substantial evidence supports the Commissioner's decision, the decision of the Commissioner is affirmed.

## II. PROCEDURAL BACKGROUND

Plaintiff applied for DIB on December 20, 2010 and SSI on January 6, 2011, alleging disability due to depression since September 27, 2010. (Tr. 41, 138-46, 155). Her applications were denied initially and on reconsideration; thereafter, Plaintiff requested a hearing before an

1

administrative law judge ("ALJ"). (Tr. 77, 85, 88, 90-91). Plaintiff appeared before ALJ Richard West on May 4, 2012. (Tr. 18).

On May 15, 2012, the ALJ issued a decision finding Plaintiff not disabled under the Act. (Tr. 18-24). At step one of the sequential evaluation, the ALJ found that Plaintiff had not performed substantial gainful activity since September 27, 2010, her alleged onset date. (Tr. 20). At step two, the ALJ determined that Plaintiff's depression was a severe impairment. (Tr. 20). At step three, the ALJ found that Plaintiff's impairments neither met nor medically equaled one of the impairments listed in Appendix 1 of 20 C.F.R. Part 404, Subpart P. (Tr. 20-21). Specifically, the ALJ considered Plaintiff's depression under § 12.04. (Tr. 20-21). At step four, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform the full range of work across all exertional levels. (Tr. 21). Additionally, the ALJ found that Plaintiff could understand, remember, and carry out simple instructions; respond appropriately to supervision, coworkers, and unusual work situations; and deal with changes in a routine work setting. (Tr. 21). At step four, the ALJ found that Plaintiff could not perform her past relevant work. (Tr. 23). Lastly, at step five the ALJ determined that Plaintiff could perform other work existing in significant numbers in the national economy given her RFC and vocational factors of age, education, and work experience. (Tr. 24). Relying on Medical-Vocational Guideline 204.00, set forth at 20 C.F.R. Part 404, Subpart P, Appendix 2, the ALJ concluded that Plaintiff was not disabled from her alleged onset date through May 5, 2012, the date of his decision. (Tr. 24).

Plaintiff's requested review by the Appeals Council was denied on June 25, 2013, thus rendering the ALJ's decision the final decision of the Commissioner. (Tr. 1-3, 10). On August 7, 2013, Plaintiff commenced the instant action. (D.E. No. 1). On March 24, 2015, Plaintiff filed a

brief pursuant to Local Civil Rule 9.1, (D.E. No. 14), and the Commissioner filed a brief on June 5, 2015, (D.E. No. 17). The matter is now ripe for adjudication.

### III. LEGAL STANDARD

#### A. Standard for Awarding Benefits

Pursuant to the SSA, to receive SSI, a plaintiff must show that she is disabled by demonstrating that she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Thus, the plaintiff's physical or mental impairments must be "of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Id.* at § 423(d)(2)(A). Impairments that affect a plaintiff's "ability to meet the strength demands of jobs" with respect to "sitting, standing, walking, lifting, carrying, pushing, and pulling" are considered exertional limitations. 20 C.F.R. § 404.1569a; *see also Sykes v. Apfel,* 228 F.3d 259, 263 (3d Cir. 2000). All other impairments are considered non-exertional. *Sykes,* 228 F.3d at 263. Decisions regarding disability are made individually based on evidence produced at a hearing. *Id.* at 262 (citing *Heckler v. Campbell,* 461 U.S. 458, 467 (1983)). Congress has defined a physical or mental impairment as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3).

The SSA proscribes a five-step sequential evaluation to determine whether a plaintiff is disabled. 20 C.F.R. § 416.920. The evaluation will continue through each step unless it can be determined at any point that the plaintiff is, or is not disabled. 20 C.F.R. § 416.920(a)(4). The

claimant bears the burden of proof for the first four steps of the analysis. *Poulous v. Comm'r of Soc. Sec.*, 474 F.3d 88, 92 (3d Cir. 2007). The burden shifts to the Commissioner for the fifth step. *Id.* (citing *Sykes v. Apfel*, 228 F.3d 259, 263 (3d Cir. 2000)); *see also Jones v. Barnhart*, 364 F.3d 501, 503 (3d Cir. 2004) (noting that "the burden of production shifts to the Commissioner" at the fifth step) (internal quotation marks omitted)).

At step one, the plaintiff's work activity is assessed, and she must demonstrate that she is not engaging in substantial gainful activity. 20 C.F.R. § 416.920(a)(4)(i). A plaintiff is engaging in substantial gainful activity if she is doing significant physical or mental activities usually done for pay or profit. *Id.* at § 416.972. If the plaintiff is engaged in substantial gainful activity, she will be found not disabled and the analysis will stop, regardless of the plaintiff's medical condition, age, education, or work experience. *Id.* at § 416.920(b). If the plaintiff is not engaging in substantial gainful activity, the analysis proceeds to the second step. At step two, the plaintiff must show that she has a medically determinable "severe" impairment or a combination of impairments that is "severe." *Id.* at § 416.920(a)(4)(ii). An impairment is severe when it significantly limits a plaintiff's physical or mental ability to perform basic work activities. *Id.* at § 416.920(c). It is not severe when medical evidence shows only a slight abnormality or minimal effect on an individual's ability to work. *See Leonardo v. Comm'r of Soc. Sec.*, No. 10-1498, 2010 WL 4747173, at *4 (D.N.J. Nov. 16, 2010) (citation omitted). If a plaintiff does not have a medically determinable severe impairment, she is not disabled. 20 C.F.R. §§ 416.920(a)(4)(ii), (c). If the plaintiff has a severe impairment, the analysis proceeds to the third step.

At step three, the ALJ must determine, based on the medical evidence, whether the plaintiff's impairment matches or is equivalent to a listed impairment found in the Social Security Regulations' "Listings of Impairments" found in 20 C.F.R. § 404, Subpart P, Appendix 1. 20

C.F.R. § 416.920(a)(4)(iii). If the impairments are the same or equivalent to those listed, the plaintiff is per se disabled. 20 C.F.R. § 416.920(d); *Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 119 (3d Cir. 2000). At this point, the ALJ must set forth the reasons for his findings. *Burnett,* 220 F.3d at 119. The Third Circuit requires the ALJ to identify the relevant listings and explain his reasoning using the evidence. *Id.* Simple conclusory remarks will not be sufficient and will leave the ALJ's decision "beyond meaningful judicial review." *Id.*

When the plaintiff does not suffer from a listed impairment or an equivalent, the analysis proceeds to step four. At step four, the ALJ must determine whether the plaintiff's RFC enables her to perform her past relevant work. 20 C.F.R. § 416.920(a)(4)(iv). This step involves three sub-steps: (1) the ALJ must make specific findings of facts as to the plaintiff's RFC; (2) the ALJ must make findings regarding the physical and mental demands of the plaintiff's past relevant work; and (3) the ALJ must compare the RFC to the past relevant work to determine whether the plaintiff has the capability to perform the past relevant work. *Burnett,* 220 F.3d at 120. The SSA classifies RFC and past work by physical exertion requirements ranging from "sedentary" to "very heavy" work. *See id.*; 20 C.F.R. § 404.1567. If the plaintiff can perform her past work, the ALJ will find that she is not disabled. 20 C.F.R. § 416.920(f). If the plaintiff lacks the RFC to perform any work she has done in the past, the analysis proceeds to the fifth and last step.

At step five, the Commissioner must show that, based on the plaintiff's RFC and other vocational factors, there is a significant amount of other work in the national economy that the plaintiff can perform. 20 C.F.R. § 416.920(a)(4)(v). During this final step, the burden lies with the government to show that the plaintiff is not disabled by demonstrating that there is other substantial, gainful work that the plaintiff could perform, given her age, education, work experience and RFC. *See Rutherford v. Barnhart,* 399 F.3d 546, 551 (3d Cir. 2005); *Sykes,* 228

F.3d at 263. If the Commissioner cannot show that there are other jobs for the plaintiff in the national economy, then the plaintiff is disabled. 20 C.F.R. § 416.920(g)(1).

  *B. Standard of Review*

This Court has jurisdiction to review the Commissioner's decision under 42 U.S.C. §§ 405(g) and 1383(c)(3). The Court must affirm the Commissioner's decision if it is "supported by substantial evidence." 42 U.S.C. §§ 405(g) and 1383(c)(3); *Stunkard v. Sec'y of Health & Human Servs.*, 841 F.2d 57, 59 (3d Cir. 1988); *Doak v. Heckler*, 790 F.2d 26, 28 (3d Cir. 1986). Substantial evidence is more than a "mere scintilla" of evidence and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).

The Court is bound by the ALJ's findings that are supported by substantial evidence "even if [it] would have decided the factual inquiry differently." *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). Thus, this Court is limited in its review in that it cannot "weigh the evidence or substitute its conclusions for those of the fact-finder." *Williams v. Sullivan*, 970 F.2d 1178, 1182 (3d Cir. 1992) (internal citation omitted).

## IV. DISCUSSION

Plaintiff argues that the ALJ's analysis at step four with respect to Plaintiff's RFC is not supported by substantial evidence. (Pl. Br. at 9-17). For the reasons below, the Court finds that substantial evidence supports the ALJ's conclusion and affirms the ALJ's decision.

It is the Plaintiff's burden to demonstrate that she has a medically determinable impairment that limits her exertion, which prevents her from working at her normal occupation. *See Dobrowolsky v. Califano*, 606 F.2d 403, 406 (3d Cir. 1979). In determining the RFC, the ALJ must make a decision based on all of the relevant evidence, including a claimant's medical record,

statements by physicians, and a claimant's description of her limitations.  20 C.F.R. § 416.945(a)(3).

However, when a claimant's statements about her symptoms suggest a greater restriction of function than can be demonstrated by objective evidence alone, the Commissioner considers the following factors: (1) the claimant's daily activities; (2) the nature, location, onset, duration, frequency, radiation and intensity of pain; (3) factors precipitating and aggravating the symptoms; (4) the type, dosage, effectiveness, and adverse side-effects of medication; (5) any other treatment or relief of pain; and (6) any other measures used to relieve pain or other symptoms.  20 C.F.R. §§ 404.1529(c), 416.929(c); *Hartranft v. Apfel*, 181 F.3d 358, 362 (3d Cir. 1999).  A reviewing court must uphold the Commissioner's decision to discount a claimant's complaints of pain and other subjective complaints if the finding is supported by substantial evidence.  *See Burns v. Barnhart*, 312 F.3d 113, 129 (3d Cir. 2002).

Additionally, the medical opinion of a treating source is entitled to "controlling weight" only if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and is not inconsistent with other substantial evidence contained in the record.  20 C.F.R. § 416.927(c)(2).  Furthermore, an ALJ may discount aspects of a medical opinion that are based on the claimant's subjective symptoms, even where the claimant has alleged a psychological impairment.  *See Morris v. Barnhart*, 78 F. App'x 820, 824-25 (3d Cir. 2003).

Here, the ALJ ultimately concluded that Plaintiff has the residual functional capacity to "perform a full range of work at all exertional levels but with the following nonexertional limitations: the claimant can understand, carry out and remember simple instructions; can respond appropriately to supervision, coworkers and usual work situations; and can deal with changes in a routine work setting."  (Tr. 21).  In reaching this conclusion, the ALJ stated that he considered "all

symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence" in accordance with 20 CFR § 404.1529 and 416.929, and SSRs 96-4p and 96-7p. (*Id.*). The ALJ also considered opinion evidence in accordance with the requirements of 20 CFR § 404.1527 and 416.927 and SSRs 96-2p, 96-5p, 96-6p, and 06-3p. (*Id.*).

There is substantial evidence in the record to support the ALJ's findings, and the ALJ did not err in discounting the testimony of Plaintiff and certain medical evidence.

First, the ALJ reasonably found that Plaintiff's testimony did not support a finding of total disability. The record shows that plaintiff engages in a "wide range" of activities of daily living, including caring for her two children and taking them to and from school, performing house chores such as cleaning, cooking and preparing meals daily, and shopping 2 to 3 times per week. (*See* Tr. 22, 181-87, 192-99). Thus, substantial evidence supports the ALJ conclusion that Plaintiff's "moderate level of depressive symptoms . . . do not prevent [her] from performing simple, unskilled work,"[1] and that "routine and conservative . . . treatment and medications have been helping." (Tr. 22).

Second, the ALJ discussed the medical evidence and found in part that it was not entitled to full weight. In particular, the ALJ gave less weight to the opinions of Dr. Sanchez and Dr. Rosa.

On March 20, 2013, Dr. Sanchez completed a mental residual functional capacity questionnaire. (*See* Tr. 229-33). Dr. Sanchez indicated that Plaintiff was seriously limited, but not precluded, from maintaining attention for two hour segments; maintaining regular attendance and being punctual within customary, usually strict tolerances; sustaining an ordinary routine

---

[1] This is true even though the Commissioner acknowledges that the ALJ incorrectly stated that Plaintiff was able to communicate in English, when in fact Plaintiff required an interpreter. Such error is harmless because "ability to communicate in English has the least significance" with respect to work functions at the unskilled level. 20 C.F.R. Part 404, Subpart P, App. 2 § 201.00(h)(4)(i).

8

without special supervision; working in coordination with or proximity to others without being unduly distracted; completing a normal workday and workweek without interruptions from psychologically based symptoms; performing at a consistent pace without an unreasonable number and length of rest periods; accepting instructions and responding appropriately to criticism from supervisors; responding appropriately to changes in a routine work setting; dealing with normal work stress; being aware of normal hazards and taking appropriate precautions; interacting with the general public; adhering to basic standards of neatness and cleanliness; and traveling in unfamiliar places. (Tr. 231-32). Dr. Sanchez also reported that Plaintiff had a limited but satisfactory ability to maintain socially appropriate behavior; use public transportation; understand, remember, and carry out very short and simple instructions; and ask simple questions or request assistance. (Tr. 231-32). The doctor also stated that Plaintiff was unable to meet competitive standards regarding her ability to understand, remember, and carry out detailed instructions; set realistic goals or make plans independently of others; and deal with stress of semi-skilled or skilled work. (Tr. 232). The doctor stated that Plaintiff was socially withdrawn, became agoraphobic around people, neglected her activities of daily living, and would be absent from work more than four days per month. (Tr. 232-33).

      The ALJ noted that "Dr. Sanchez's opinion is conclusory, lacks specificity, and is heavily based on the claimant's self reporting of symptoms." (Tr. at 22). The ALJ further remarked that Dr. Sanchez's "opinion is inconsistent with the nature of treatment provided as well as with the credible findings of the consultative psychiatric examination," and that "Dr. Sanchez offers no rationale for his conclusion of more than four work absences per month." (*Id.*).

      Similarly, Dr. Eddie Rosa, Plaintiff's primary physician, provided opinions dated January and June 2011, indicating that Plaintiff had numerous physical limitations. (Tr. 218-24). For

example, Dr. Rosa indicated that Plaintiff could lift and carry less than ten pounds, stand/walk for up to two hours per day, and had limited ability to push/pull and use foot controls. (Tr. 219).

The ALJ found that "the general medical report by treating physician Eddie Rosa, M.D., indicating a less than sedentary residual functional capacity is unsupported by the medical record, especially since there is no objective medical evidence of a physical impairment warranting exertional limitations." (Tr. 22-23). The ALJ concluded that "Dr. Rosa is not a specialist, his opinion is conclusory and lacks specificity, it is inconsistent with the statements of the claimant as well as her activities of daily living, it is inconsistent with the nature of the treatment provided, and is not supported by the treatment record." (Tr. 23).

In addition to Plaintiff's own testimony, the other medical evidence further does not support a finding of severe limitations. For example, on February 23, 2011, Plaintiff was evaluated by Dr. Iofin. (*See* Tr. 213-17). Dr. Iofin indicated that Plaintiff was fully oriented with reasonable eye contact and without delusions or paranoia, and that she was not agitated, disruptive, violent, suicidal, or homicidal, and did not appear to be psychotic. (*Id.* at 215). Dr. Iofin further noted, among other things, that Plaintiff's thought process was logical without blocking or derailment; her speech was goal oriented and not rambling; and she understood and answered questions with any significant amount of disruption. (*Id.* at 215-16). Dr. Iofin ultimately indicated that Plaintiff had only mild symptoms or difficulties. (*See* Tr. 216). Other treatment notes are similar to those of Dr. Iofin's in that they do not support a finding of severe limitations. (*See* Tr. 240-44, 252-59 (treatment notes from the University of Medicine and Dentistry of New Jersey); Tr. 204-11 (treatment notes of Ariaceliz Ortiz and Joan E. Schaper)).

Accordingly, because the medical opinions are conclusory and not entirely supported by other evidence in the record, the ALJ was not incorrect in affording them less weight. Instead, the

10

ALJ properly considered the entirety of the medical evidence and the Plaintiff's own testimony in reaching his RFC conclusion.

Plaintiff also contends that the ALJ should have undertaken a function-by-function analysis of Plaintiff's abilities to perform certain physical demands of work activities, such as sitting, standing, walking, lifting, carrying, pushing, pulling, etc. (Pl. Br. at 14-15). However, because Plaintiff did not allege specific limitations, the ALJ was not required to undertake a function-by-function analysis. *See Bencivengo v. Comm'r*, 251 F.3d 153 (Table), 00-1995, slip op. at 4 (3d. Cir. Dec. 19, 2000) (noting, in unpublished opinion, that while a function-by-function analysis is desirable, it is not required when specific limitations are not alleged). In *Bencivengo*, the Third Circuit noted that there is no requirement under SSR 96-8p "to make specific, written findings on dozens of individual work function categories" and that instead it is only necessary to "articulate how the evidence in the record supports the RFC determination, discuss the claimant's ability to perform sustained work-related activities, and explain the resolution of any inconsistencies in the record." *Id.* at 4-5. Thus, the Court finds no error in this regard.

In sum, substantial evidence supports the ALJ's finding that Plaintiff was capable of performing work across all exertional levels.

Finally, Plaintiff additionally argues that the ALJ should have utilized vocational expert (VE) testimony at step five to determine the types of work Plaintiff could perform. (Pl. Br. at 15). However, when a claimant is limited to unskilled work at all exertional levels, as here, the Commissioner may rely on an SSR (i.e., the Grids) instead of a VE when there is a "fit between the facts of a given case and the way in which an SSR dictates that an individual's non-exertional limitations impact upon her occupational base." *Guerrero v. Comm'r of Soc. Sec.*, 249 F. App'x 289, 293 (3d Cir. 2007) (citation omitted). Here, the ALJ found that Plaintiff's nonexertional

11

limitations did not significantly compromise her occupational base for unskilled work at all exertional levels and applied the framework found in Grid Rule 204.00 in determining that Plaintiff was not disabled. In short, the ALJ found a "fit" between the facts of Plaintiff's case and the Grid Rule and therefore the Court finds no error at step five.

## V.  CONCLUSION

For the foregoing reasons, the decision of the ALJ is affirmed. An appropriate order accompanies this opinion.

s/ <em>Esther Salas</em><br>
<strong>Esther Salas, U.S.D.J.</strong>